IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: ) | |
| ) | Bankruptcy No. 16-21342 |
| RGW PROPERTIES OF ) | |
| BEAVER COUNTY, INC. ) | |
| ) | Chapter 11 |
| Debtor-in-Possession ) | |

**DEBTOR-IN-POSSESSION'S SMALL BUSINESS PLAN OF REORGANIZATION**
**DATED APRIL 7, 2016**

RGW Properties of Beaver County, Inc., the Debtor-in-possession, proposes the following Plan of Reorganization ("Plan") pursuant to Section 1121 of the Bankruptcy Code ("Code"), 11 U.S.C. section 1121:

### I. Definitions

The following terms, when used herein or in the Plan, shall, unless the context otherwise indicates, have the following meanings, respectively:

1.01    Allowed Administrative Claim:  All or that portion of any Administrative claim which either (a) has been allowed by Final Order, or (b) was incurred by the estate of the Debtors in the ordinary course of business during these reorganization proceedings.

1.02    Allowed Claim: A claim, other than an Administrative claim, either scheduled pursuant to the Code, other than a claim scheduled as disputed, contingent, or liquidated, or proof of which has been timely filed with the Court pursuant to the Code or any Order of the Court, or late filed with Leave or Court after Notice and Hearing, and either no objection to the allowance of which or a Motion to Expunge has been interposed before any final date for the filing of such objections or motions set forth in the Order of Court confirming the Plan, or any objection to the allowance of which or a

Motion to Expunge has been overruled by a Final Order, or which has otherwise been allowed by a Final Order.

  1.03  Confirmation Date:  The date of entry of the Order of Court confirming the Plan.

  1.04  Confirmation Order:  The Order of Court confirming the Plan pursuant to Section 1129 of the Bankruptcy Code.

  1.05  Court:  The United States Bankruptcy Court for the Western District of Pennsylvania, acting in this case.

  1.06  Debtor: RGW Properties of Beaver County, Inc.

  1.07  Effective Date:  The thirtieth day after the Confirmation Date, provided no Order is entered staying the Confirmation Order or the thirtieth day after which any stay of the confirmation Order ceases to be effective.

  1.08  Final Order:  An Order or judgment, the operation or effect of which has not been stayed, and as to which Order or judgment or any revision, modification or amendment thereof, the time to appeal or seek review or rehearing has expired, and as to which no timely filed appeal or petition for review or rehearing is pending.

  1.09  Plan:  The Debtor-in-Possession's  Plan of Reorganization dated April 7, 2016.

  1.10  Secured Claim:  An allowed claim of a creditor secured by a lien on property in which the Debtors have an interest, or that is subject  to setoff under Section 553 of the Bankruptcy Code, to the extent the lien or setoff is supported by the value of the property.

## II.  Effect of Confirmation

  On the Confirmation Date, all of the provisions of the Plan shall be binding on the Debtor-in-Possession, all claimants, all creditors, all interest holders and all other parties-in-interest who are affected (or whose interests may be affected) in any manner by the Plan.  On the Confirmation Date, the Debtor-in-Possession, their agents, servants, employees, accountants and attorneys, and the Trustee

and Trustee's attorneys will be released and forever discharged, subject to the provisions of 11 U.S.C. Sec. 1141, from and against any and all claims or rights of creditors of the Debtor-in-Possession of any nature arising prior to confirmation of the Plan except for willful misconduct, and the rights of creditors of the Debtor-in-Possession against the Debtor-in-Possession, its agents, servants, employees, accountants and attorneys will be limited to those arising under the Plan.

At any time prior to the Confirmation date, the Debtor-in-Possession may amend the bankruptcy schedules in accordance with the provisions of the Bankruptcy Code and Bankruptcy Rules.

### III.  Classification of Claims and Interests

The creditors of the Debtor-in-Possession is divided into the following classes:

1. <u>Class I</u> shall consist of all allowed administrative claims and expenses.  This class will include the administrative claims of the Debtor-in-Possession's attorneys and, any other professionals retained by the Debtor-in-Possession in this case with approval by the Court, quarterly fees due to the Office of the United States Trustee, and debts incurred since the filing date, including any administrative tax claims.

2. <u>Class II</u> shall consist of the creditors holding allowed secured tax claims or secured municipal claims against the Debtor-in-Possession's property located in Beaver County, Pennsylvania. These creditors include Connie T. Javens, Treasurer, with a projected Claim in the amount of $697.00 (representing 2016 county taxes); Robin Huston, Tax Collector., with a projected Claim in the amount of $1,825.88 (representing South Beaver Township & Blackhawk School District  taxes). This class includes estimated total estimated claims of $2,522.88 at the time of the Petition for Relief.

3. Class III shall consist of the partially secured mortgage claim of Nationstar Mortgage, LLC in the approximate amount of $120,000.00 against the Debtor-in-Possession's commercial rental property located at 117 Renn Lane, Beaver Falls, PA 15010.

4. Class IV shall consist of the projected priority claim of the Pa. Department of Revenue in the amount of $1,600.00 relating to possible 2016 real estate transfer taxes.

5. Class V shall consist of the timely filed, undisputed, allowed claims of unsecured creditors. This class approximates total claim in the amount of $0.00 at the time of the Petition for Relief.

### IV. Treatment of Claims and Interests

The Debtors propose to pay claims as follows:

1. Class I administrative claims shall remain unimpaired and be paid in full on or before the 30th day after the entry of the Confirmation Order, or in the ordinary course of business or as otherwise agreed to by the parties and approved by the Court. Claims of the professionals engaged by the Debtors, or claims in this class disputed by the Debtors are subject to Bankruptcy Court approval.

2. The Class II consist of the creditors holding allowed secured tax claims or secured municipal claims against the Debtor-in-Possession's commercial rental property located in Beaver County, Pennsylvania. These creditors include Connie T. Javens, Treasurer, with a projected Claim in the amount of $697.00 (representing 2016 county taxes); Robin Huston, Tax Collector, with a projected Claim in the amount of $1,825.88 (representing South Beaver Township & Blackhawk School District taxes). This class includes estimated total claims of $2,522.88 at the time of the Petition for Relief. The Debtor-in-Possession shall pay all prepetition claims in full over a period of 60 months, along with statutory interest beginning 30 days after confirmation of the Plan. The Debtor-in-Possession reserves the right to payoff these creditors early if funds become available to accomplish same. This class is unimpaired.

3. The Class III creditor is impaired. This class includes the partially secured claim of Nationstar Mortgage, LLC in the approximate amount of $120,000.00 against the Debtor-in-Possession's commercial rental property located at 117 Renn Lane, Beaver Falls, PA 15010 (including adjoining property) as listed in the Deed filed with the Recorder of Deeds Office of Beaver County, Commonwealth of Pennsylvania at Instrument No. 3526210. The Debtor-in-Possession shall file and prosecute a Section 506 Adversary Complaint against Nationstar Mortgage, LLC seeking a determination that the fair market value of its collateral equals $20,000.00. The Debtor-in-Possession shall reamortize the allowed secured claim of $20,000.00 at 4.0% over ten (10) years. The P/I payment shall be $202.49 commencing 30 days following the order for relief. However, all payments made by the Debtor-in-Possession prior to confirmation, shall be credited toward principal prior to any post-confirmation payments being applied in accordance with the amortization schedule provided in the plan herein. The treatment of this creditor is specifically provided as stated, despite the fact that the Class II creditors listed herein, have first lien priority against the subject property under Pennsylvania law and mortgagee is undersecured under Section 506 of the Code. The Debtor-in-Possession reserves the right to payoff this creditor early if funds become available to accomplish same. In that event, the Debtor-in-Possession shall utilize its own amortization schedule to determine the payoff balance due, should the Debtor-in-Possession elect to do so. Nationstar Mortgage, LLC and/or its assigns, shall file a satisfaction of the mortgage claim within 60 days of payment in full in accordance with the terms of payment outlined herein with the Recorder of Deeds of Beaver County, Pennsylvania.

4. The Class IV claim is unimpaired and shall consist of the possible priority claim of the Pa. Department of Revenue in the amount of $1,600.00 relating to potential 2016 real estate transfer taxes. In the event that a balance remains for transfer taxes, the Debtor-in-Possession shall pay the amount of $1,600.00 over 60 months, along with statutory interest (3%). Payments shall begin 30

days after receipt of an itemized bill from the Commonwealth of PA, Dept. Of Revenue (relating to any potential 2016 real estate transfer tax), following confirmation of the Plan. The Debtor-in-Possession reserves the right to payoff this creditor early if funds become available to accomplish same.

5. The Class V unsecured claims are impaired. The Debtor-in-Possession did not have any unsecured debt at the time of the bankruptcy filing. As such, no distribution is anticipated to this class of creditors. In the event that an unsecured balance remains after the Adversary Proceeding against Nationstar Mortgage, LLC (Class III creditor), no distribution or balance shall be due by the Debtor-in-Possession as no pre-petition contract existed between the parties prior to the bankruptcy case filing.

### V.  Stay of Collection Efforts

The Plan does not provide for the release of non-debtor parties, however, upon confirmation of the plan, all collection activities will be stayed from as against the Debtor's guarantors, if any, for the collection of taxes that are being paid by the Debtor pursuant to this Plan. The stay shall continue in effect as long as the Debtor-in-Possession is current on the payments required by to be paid under the confirmed Plan.

### VI.  Means for Execution of the Plan

The Debtor-in-Possession proposes to fund the Plan from the profits generated by the continued business operations, ie, rental income.

### VII.  Distributions

The Debtor-in-Possession will be subject to the provisions of the Bankruptcy Code and Rules, and will have the rights and duties of a Reorganized Debtor under Chapter 11 of the Bankruptcy Code. The Debtor-in-Possession will make direct payments to creditors in accordance with the Plan.

### VIII. Executory Contracts

On the Confirmation Date, the Debtor-in-Possession will reject all executory contracts and unexpired leases. The Debtor-in-Possession reserve the right to reject, prior to the Confirmation Date or any date established by Order of Court, any executory contract which it deems to be necessary or of benefit to the estate.

### IX. Discharge of Debt

At the time the Confirmation Order becomes a Final Order, the Debtor-in-Possession and the reorganized Debtor shall be deemed to have the benefits and effects of Code Section 1141. In the event that the claim of any creditor is contingent, unliquidated or subject to dispute on the confirmation date, the creditor must request the Bankruptcy Court to estimate for the purpose of allowance under Section 502 of the Code, prior to the confirmation date in accordance with Bankruptcy Rule 3013. Any disputed, contingent or unliquidated claim which fails to comply with this procedure shall not be entitled to vote on the Plan since that may unduly delay the administration of this Chapter 11 case. The Debtor-in-Possession will not be discharged from any unpaid, non-dischargeable, tax obligations - if any.

### X. Modification of the Plan

The Debtor-in-Possession may propose amendments or modifications to the Plan at any time prior to confirmation, with leave of Court, and notice to affected unsecured creditors, the U.S. Trustee and attorneys for secured creditors. In the event that all classes under the Plan do not accept the Plan in the requisite number and amount, the Debtor-in-Possession will request that the Court confirm the Plan notwithstanding the rejection of any class, provided that at least one class of creditors whose

claims are impaired under the Plan have accepted the Plan. In such event, the Court will determine whether the Plan can be confirmed notwithstanding the rejection of the Plan by a class of creditors pursuant to Section 1129(b) of the Bankruptcy Code. After confirmation the Debtor-in-Possession may, with approval of the Court, and so long as it does not materially or adversely affect the interest of creditors, remedy any defect or omission, or reconcile any inconsistencies in the Plan, or in the Order of Confirmation, in such manner as may be necessary to carry out the purposes and effect of the Plan.

### XI. Management and Ownership

After the entry of a Final Order Confirming the Plan, the Debtor-in-Possession will continue to use its business income to make plan payments as the reorganized Debtor.

### XII. Jurisdiction

The Debtor-in-Possession anticipate that the Court will enter a Post-Confirmation Order retaining jurisdiction for the following purposes:

a. to determine the allowance or disallowance of claims and interests, to determine any objections to claims and to estimate claims for the purpose of allowance;

b. to fix allowance of compensation and other administrative expenses;

c. to determine any and all pending applications for the rejection or assumption of executory contracts and determine any and all claims arising therefrom;

d. to determine all applications, objections, adversary proceedings and contested or litigated matters properly before the Court and pending on the Plan Confirmation Date;

e. to conduct any sales of real estate or other assets as necessary to the consummation of the Plan;

f. to modify the Plan pursuant to the Bankruptcy Code or remedy any defect or omission or inconsistency within the Plan.

g. to determine any tax liability arising from the administration of this bankruptcy estate.

Respectfully submitted,

Dated: April 7, 2016        /s/ Edgardo D. Santillan
Edgardo D. Santillan, Esq.
Santillán Law Firm, PC
(Counsel for the Debtor-in-Possession)
775 Fourth Street
Beaver, PA  15009
(724) 770-1040
Pa. I.D. # 60030

Dated: April 7, 2016        /s/ David R. Wallace
David R. Wallace, President
 RGW Properties of Beaver County, Inc.

4/7/2016